UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings:          FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I.      Introduction

The present case is brought by Plaintiff Jannet Solis ("Solis") and Plaintiff Michael Ortega ("Ortega") (collectively, "Plaintiffs") alleging an entitlement to coverage for certain procedures under a healthcare plan sponsored by their employer, T-Mobile USA, Inc. (T-Mobile) and administered by United HealthCare Services, Inc. ("United"). Plaintiff Advanced Weight Loss Surgical Institute and Plaintiff Minimally Invasive Surgical Association (collectively, "Medical Providers") are also parties to this suit. On November 7, 2023, the Court held a bench trial in this case. ECF No. 76. At that trial, the Court ordered the parties to file post-trial briefs to answer several questions which the Court was left with after hearing the parties' presentations. The Court has now considered the arguments presented at trial and in the parties' briefs, and grants judgment for United for the following reasons.

## II.      Findings of Fact

The facts in this case are voluminous and scattered in an administrative record that exceeds 1,400

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

pages. Pursuant to the Court's review of the parties' briefs and the administrative record,[1] the Court makes the following factual findings.

### A. Facts Common to Both Plaintiffs

1. Solis and Ortega are both employees of T-Mobile. First Am. Compl. ("FAC") ¶ 14.

2. Both Solis and Ortega receive health insurance through T-Mobile's employee health and welfare benefits plan (the "Plan"). *Id.*; *see also* AR_000001-000423 (text of the plan).

3. T-Mobile is the Plan Sponsor. AR_000296. United is the Plan's Claims Administrator. AR_000297. The Plan was issued in the state of Washington. AR_000296. The Plan is self-insured, meaning that "[b]enefits under the Plan are paid from the general assets of the Plan Sponsor [T-Mobile]. Any required Employee contributions are used to partially reimburse the Plan Sponsor for Benefits under the Plan." AR_000298.

4. Per the terms of the Plan, United is delegated "the full power and sole discretionary authority to interpret and apply the terms of the Plan as they relate to the applicable benefits." AR_000296. United also "has final responsibility for determining the amount of any benefits payable and providing the claims procedures to be followed and the claims forms to be used." *Id.*

5. The Plan contains a provision entitling "[a]ny construction of the terms of the Plan for which there is a rational basis that is adopted by" United "subject to review only if that interpretation or other action is arbitrary, capricious or otherwise an abuse of discretion." *Id.*

6. The Plan distinguishes between Network and Non-Network Providers. AR_000063. "A Network

---

[1] The Court notes that the parties' citations to the administrative record were often imprecise and blurred which documents related to which plaintiff. The Court expended considerable resources correcting these issues.

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

Provider contracts with [United] to participate in the Network." *Id.* By contrast, "Non-Network providers are not contracted with [United] to accept contracted rates." AR_000064. "This Plan pays for Covered Services and Supplies received from either Network or Non-Network Providers. If Network Providers are used, this Plan pays a greater portion of Eligible expenses. This is called the Network level. If Non-Network Providers are used, this Plan pays a lesser portion of Eligible expenses. This is called the Out-of-Network level." AR_000063.

7.  Out-of-Network benefits only apply to "Covered Health Services." *See* AR_000064–000065.

8.  The Plan does not cover all medical services. Relevant here, weight loss treatment is excluded from coverage under the Plan "except as part of the Obesity Surgery benefit." AR_000105. The Obesity Surgery benefit states that "[s]urgical treatment of obesity is only available to covered Employees and Dependents who: Are age 18 or older; Completed and documented a 6-month supervised weight loss program prior to surgery; Have a BMI (body mass index) of 40 or greater; or have a minimum BMI of 35 with complicating co-morbidities (such as sleep apnea or diabetes) directly related to, or exacerbated by obesity; Go through a United Bariatric Resource Network Center of Excellence facility; and Complete the pre-notification process prior to surgery through a United Resource Network Center of Excellence." AR_000084–000085.

9.  United's reimbursement policy guidelines are developed, in United's "sole discretion," in accordance with "one or more" of numerous methodologies. AR_000126. Relevant here, the first listed of those methodologies is "the most recent edition of the Current Procedural Terminology (CPT), a publication of the American Medical Association, and/or the Centers for Medicare and Medicaid Services (CMS)." *Id.*

10. On May 22, 2020, prior to receiving the procedures described below, a representative for Plaintiff Advanced Weight Loss Surgical Association ("Advanced") called United to verify Plaintiffs' insurance coverage. AR_001422–001425 (transcript of call). Advanced's representative clearly stated that Advanced was an out-of-network provider. AR_001423. A representative for United

|   |   :   |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

told Advanced's representative, *inter alia*, that Solis and Ortega both were subject to a plan exclusion for bariatric surgery. AR_001423–001424. The United representative essentially read off the exclusion terms described in Fact 8 verbatim.[2] *Id.*

**B. Facts Specific to Solis**

11. In early April,[3] Plaintiff Jannet Solis ("Solis") presented at Medical Providers' office "with complaints of obesity and symptoms of gastro esophageal reflux disease." AR_001451. "At that time, a medical workup was recommended to determine if Ms. Solis suffered from a clear distinct independent medical condition outside of obesity." *Id.*

12. Shortly thereafter,[4] Solis underwent an endoscopic procedure to diagnose the cause of her "very severe gastroesophageal reflux disease," which she had been experiencing for "years." AR_001447. This procedure was performed by Dr. Mario Rosenberg. *Id.* That endoscopy "confirmed the presence of a hiatal hernia, and antral gastritis." AR_001451.

13. After the endoscopic procedure, Dr. Rosenberg diagnosed Solis with "[v]ery severe gastroesophageal reflux disease and dysphagia." *Id.* Dr. Rosenberg recommended that Solis undergo an esophagogastroduodenoscopy. *Id.*

---

[2] Specifically, the United representative said the following: "Bariatric surgery. Okay. Let's see. Morbidism is not covered for the patient out of network. You can call this number of [phone number omitted] and – let's see – for morbidity, let's check. The criteria should be over the age of 18 or older and completed and documented a six-month supervised weight loss program prior to surgery, have a body mass – have a BMI of 40 or greater or have a minimum BMI of 35 with complicating co-morbidities such as sleep apnea or diabetes related directly to or exacerbated by obesity, and should go through a United Healthcare resource network center of excellence facility. Travel and lodging benefits available up to $10,000 at the maximum. Prior authorization needed by calling number [phone number omitted], select option three for care coordination." AR_001423.

[3] Various documents in the administrative record assign different dates to these procedures. The Court finds these inconsistencies suspect.

[4] *See* note 3 *supra*.

---

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

14. On Solis's behalf, Dr. Farzin M. Feizbakhsh (Dr. Feizbakhsh) wrote to United to "request certification of insurance coverage and authorization for Laparoscopic Hiatal Hernia Repaid (43281)." AR_000618. That letter also noted that Solis was planning to undergo a sleeve gastrectomy. AR_000620 ("She will continue on PPIs for now and will plan for hiatal hernia repair surgery as she is also planning for sleeve gastrectomy.").

15. On May 18, 2020, Solis received a letter from United indicating that she was eligible for "Outpatient Facility Coverage" to receive "[l]aparoscopy, surgical, repair of paraesophageal hernia, includes fundoplasty, when performed; without implantation of mesh," i.e., procedure code "43281." AR_000783. That letter also indicated that "[b]efore getting service, it's a good idea to check your provider's network status and cost of service." *Id.*

16. On June 4, 2020, Solis underwent a medical procedure. AR_001440–001441.

17. During that procedure, "an [a]pproximately 4-5 cm anterior and posterior hiatal hernia" was repaired by Dr. Sean Rim ("Dr. Rim"). *Id.*

18. During that same procedure, a sleeve gastrectomy was also performed by Dr. Feizbakhsh. AR_001441.

19. Dr. Feizbakhsh closed all wounds. *Id.*

20. Both Dr. Rim and Dr. Feizbakhsh each billed $45,000.00 for their services related to Solis's hernia repair. AR_000516 (Provider Remittance Advice provided by United to Dr. Rim concerning Dr. Rim's bill associated with product code 43281); AR_000486 (Provider Remittance Advice provided by United to Dr. Feizbakhsh concerning Dr. Feizbakhsh's bill associated with product code 43281); *see* Ctrs. for Medicare & Medicaid Servs., *Medicare National Correct Coding Initiative Policy Manual*, Chapter VI at VI-10 (CPT code 43281 describes "laparoscopic

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

paraesophageal hernia repair with fundoplasty, if performed," without mesh implantation).[5] Dr. Feizbakhsh's service in this procedure was described as "ASSISTANT SURGERY." AR_000478.

21. Both Dr. Rim and Dr. Feizbakhsh each billed $30,000.00 for their services related to Solis's sleeve gastrectomy. AR_000446 (Explanation of Benefits Statement provided to Solis by United); AR_000462 (Provider Remittance Advice provided by United to Dr. Rim concerning Dr. Rim's bill associated with product code 43775); *see* Ctrs. for Medicare & Medicaid Servs., *Billing and Coding: Bariatric Surgical Management of Morbid Obesity*, https://www.cms.gov/medicare-coverage-database/view/article.aspx?articleId=56422 (https://perma.cc/4K5P-9STQ) (CPT code 43775 describes a "[l]ap sleeve gastrectomy").[6] Dr. Rim's service in this procedure was described as "ASSISTANT SURGERY." AR_000464.

22. United and Medical Providers engaged in extensive correspondence related to this date of service.

    a. August 24, 2020: United sent Medical Providers a Provider Remittance Advice indicating that $0.00 was payable for Dr. Feizbakhsh's work on Solis's sleeve gastrectomy. AR_000432–000433. Two codes were listed by way of rationale: Y4 and PR242. *Id.* According to "NOTES" attached at the bottom of the document, the code Y4 means the following: "ACCORDING TO YOUR PLAN, BENEFITS ARE ONLY AVAILABLE AT THE NETWORK LEVEL WHEN A NETWORK HEALTH CARE PROVIDER IS USED. SINCE THIS SERVICE WAS PERFORMED BY A NON-NETWORK HEALTH CARE PROVIDER, NO BENEFITS ARE PAYABLE." *Id.* That same section explains that the code PR242 means the following: "PATIENT RESPONSIBILITY – SERVICES

---

[5] The Court takes judicial notice of this document. *See United States ex rel. Jacobs v. Dermatology*, No. EDCV 20-1373 JGB (SHKx), 2022 U.S. Dist. LEXIS 242551, 2022 WL 19914511, at *31 n.9 (C.D. Cal. Sep. 28, 2022) (taking judicial notice of NCCI manual). This document is publicly available on CMS's website, https://www.cms.gov/files/document/medicare-ncci-policy-manual-2024-chapter-6.pdf (https://perma.cc/7N5Y-VJHF).

[6] The Court takes judicial notice of this government website, which contains information that is not disputed by either party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS." *Id.*

    b.  August 26, 2020: United sent Solis an explanation of benefits noting that Medical Providers had billed $30,000.00 for Dr. Feizbakhsh's work on Solis's sleeve gastrectomy, but that nothing was payable under the Plan. AR_000445–000446. Codes Y4 and PR242 were both used to indicate that the rationale for the denial of benefits was that Dr. Feizbakhsh was an out-of-network provider.

    c.  August 26, 2020: United sent correspondence to Dr. Rim requesting additional medical records relating to Solis's treatment. AR_000451.

    d.  August 31, 2020: United sent Medical Providers a Providers Remittance Advice letter indicating that it would not pay them for Dr. Feizbakhsh's work on Solis's sleeve gastrectomy, with explanation code PR204. AR_000454–000455. According to the "NOTES" attached to that document, code PR204 means the following: "PATIENT RESPONSIBILITY – THIS SERVICE/EQUIPMENT/DRUG IS NOT COVERED UNDER THE PATIENT'S CURRENT BENEFIT PLAN."

    e.  September 30, 2020: United sent Medical Providers a Providers Remittance Advice letter indicating that it would not pay them for Dr. Rim's work on Solis's sleeve gastrectomy, with explanation codes Y4 and PR242. AR_000462.

    f.  October 1, 2020: United sent Solis an explanation of benefits noting that Medical Providers had billed $30,000.00 for Dr. Rim's work on Solis's sleeve gastrectomy, but that nothing was payable under the Plan. AR_000463–000464. Codes Y4 and PR242 were both used to indicate that the rationale for the denial of benefits was that Dr. Rim was an out-of-network provider.

    g.  October 5, 2020: United sent Solis an Explanation of Benefits related to Dr. Feizbakhsh's

                                                                      :

Initials of Preparer          PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

work as assistant surgeon on Solis's hiatal hernia repair. AR_000477–000478. That correspondence indicated that the Plan had paid $806.56 towards that claim. *Id.* That letter used explanation code 29 to indicate the following: "YOUR PLAN COVERS THE ELIGIBLE EXPENSE AMOUNT REIMBURSABLE UNDER YOUR PLAN FOR COVERED OUT-OF-NETWORK HEALTH SERVICES. THE ELIGIBLE AMOUNT IS BASED ON A DATABASE OF COMPETITIVE FEES FOR SIMILAR SERVICES OR SUPPLIES IN YOUR AREA. BENEFITS ARE NOT AVAILABLE FOR THAT PORTION OF THE CHARGE THAT EXCEEDS THE ELIGIBLE AMOUNT DETERMINED FOR THIS SERVICE."[7]

h.   October 7, 2020: United sent Medical Providers a Providers Remittance Advice letter indicating that it would pay $806.56 for Dr. Feizbakhsh's work as assistant surgeon on Solis's hiatal hernia repair. AR_000484. By way of explanation, the letter listed codes 29, PR100, and PR45. Code PR100 indicated the following: "PATIENT RESPONSIBILITY – PAYMENT MADE TO PATIENT/INSURED/RESPONSIBLE PARTY." *Id.* Code PR45 indicated the following: "PATIENT RESPONSIBILITY – CHARGE EXCEEDS FEE SCHEDULE/MAXIMUM ALLOWABLE OR CONTRACTED/LEGISLATED FEE ARRANGEMENT." *Id.*

i.   October 7, 2020: United sent Medical Providers a second Providers Remittance Advice letter on the same day. Ar_000486. This letter applied code OA23 to the $806.56 payment made for Dr. Feizbakhsh's work as assistant surgeon on Solis's hiatal hernia repair. Code OA23 indicated the following: "OTHER ADJUSTMENTS – THE IMPACT OF PRIOR PAYER(S) ADJUDICATION INCLUDING PAYMENT AND/OR ADJUSTMENTS." *Id.* The letter indicated that code PR204 applied to the remaining balance of $44,193.44 for that claim. *Id.* Code PR204 indicated the following: "PATIENT RESPONSIBILITY –

---

[7] United maintains that this payment was made in error. Defs.' Opening Trial Br. 9–10 n.7, ECF No. 53. "To date, United has not attempted to recoup this erroneous payment." *Id.*

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

THIS SERVICE/EQUIPMENT/DRUG IS NOT COVERED UNDER THE PATIENT'S CURRENT BENEFIT PLAN." *Id.*

j.  October 7, 2020: United sent Medical Providers a third Providers Remittance Advice letter on the same day. AR_000488-000489. This letter applied code PR204 to Dr. Rim's work on Solis' gastric sleeve procedure, indicating that the service was not covered. *Id.*

k.  October 12, 2020: United sent Solis an Explanation of Benefits related to Dr. Rim's work on her hiatal hernia repair. AR_000507. That letter indicated that benefits were denied in full pursuant to code HW, which means the following: "BENEFITS FOR THIS SERVICE ARE DENIED. WE SENT A LETTER TO THE PROVIDER ASKING FOR ADDITIONAL INFORMATION. WE HAVE NOT RECEIVED A RESPONSE." *Id.*

l.  October 12, 2020: United sent Medical Providers a Providers Remittance Advice letter related to Dr. Rim's work on her hiatal hernia repair. That letter indicated that the claim was being denied pursuant to code HW.

m.  February 3, 2021: United sent Medical Providers correspondence related to Dr. Feizbakhsh's work on Solis's gastric sleeve. AR_000528. That letter states the following: "You asked us to take another look at our initial decision. We have completed our review and confirmed that the claim was processed correctly. As a result, we are unable to issue any further payment. The patient's health plan does not cover services provided by an out-of-network physician, facility or other health care professional."

n.  February 6, 2021: United sent Medical Providers a request for "written authorization from the patient for you to submit an appeal or request on their behalf." AR_000530.

o.  May 15, 2021: United sent correspondence to Dr. Rim denying payment for his work on Solis's hiatal hernia repair for the following reason: "Not supported. The submitted medical

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural Terminology (CPT) code. In addition, this procedure code 43821 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified." AR_001443. That correspondence also instructed Dr. Rim to "[s]ee EOB/PRA." *Id.*

p. May 17, 2021: United sent Medical Providers the Providers Remittance Advice letter referenced in the May 15, 2021, correspondence to Dr. Rim. AR_000560. That letter used codes PL16, AU, and M50 to explain United's denial. Code PL16 means the following: "PAYER INITIATED REDUCTIONS – CLAIM/SERVICE LACKS INFORMATION OR HAS SUBMISSION/BILLING ERROR(S)." *Id.* Code AU means the following: "BENEFITS FOR THIS SERVICE ARE DENIED. THE SUBMITTED CODE IS INCORRECT. FOR THE CLAIM TO BE RECONSIDERED, WE ASK THAT THE PROVIDER SUBMIT A CORRECTED CLAIM WITH THE APPROPRIATE CODE. THE PROVIDER MUST ALSO INDICATE THAT IT IS A REPLACEMENT CLAIM OR CLEARLY MARK IT WITH THE WORD 'CORRECTED.' IF THE PROVIDER BELIEVES THE CODE SUBMITTED IS VALID FOR THE DATE OF SERVICE AND CORRECTLY IDENTIFIES THE SERVICE RENDERED, THEY MAY SUBMIT AN APPEAL WITH THE MEDICAL RECORD DOCUMENTATION AND THE RATIONALE FOR THE CODE AS BILLED." *Id.* Code M50 means the following: "MISSING/INCOMPLETE/INVALID REVENUE CODE(S)." *Id.*

q. May 28, 2021: United sent Solis an Explanation of Benefits in relation to Dr. Rim's work on her hiatal hernia repair. AR_000562–000563. That letter indicated that coverage was denied pursuant to code AU (i.e., incorrect code submitted). *Id.*

r. July 15, 2021: Medical Providers sent United a "LEVEL I CLAIM OF APPEAL."

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|----------|----------------------|------|----------------|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

AR_001450–001456. That appeal argued that the hiatal hernia repair was "the chief surgical procedure" performed on June 4, 2020. AR_001451. The appeal claimed that Solis "had a separate and distinct health condition [i.e., severe reflux] that warranted a surgical procedure to repair the hiatal hernia." *Id.* Moreover, "[a]ccording to UHC's Medical Policy, a hiatal hernia is considered a covered procedure" by the Plan. *Id.* Additionally, the appeal contained the following language: "We spoke to the patient in great detail and told her insurance would not cover the gastric sleeve portion of her recommended surgical session. The patient was told and accepted that she was personally responsible for paying for the gastric procedure portion. Because the gastric sleeve was an exclusion of her medical benefits, we did not bill, or submit a claim using a CPT code to her insurance carrier."[8] *Id.* The appeal also demanded portions of the medical record which would enable Solis and the Medical Providers to determine "the identify of experts consulted in the course of deciding" Solis's claim. AR_001452.

s. July 28, 2021: Medical Providers sent correspondence to United indicating that they had been informed that their initial appeal was on hold for lack of a signed Authorized Representative Form. AR_000673. In that correspondence, Medical Providers included an Authorized Representative Form signed by Solis. AR_000674.

t. August 25, 2021: United sent correspondence to Solis regarding her appeal of its denial of coverage for Dr. Rim's work on her hiatal hernia repair. AR_001379–001383. That correspondence indicated that United had reviewed its decision "and it has been determined that the request for payment was processed correctly." AR_001379. United offered the following rationale: "Current Procedural Terminology (CPT) Code 43821 remains not supported. The submitted medical records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural

---

[8] The administrative record clearly reveals this statement to be false.

| | | : | |
|--|--|--|--|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

Terminology (CPT) code. In addition, this procedure code 43281 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified." AR_001380.

u. October 25, 2021: United sent Dr. Rim correspondence requesting that he submit an Authorized Representative form to submit an appeal on Solis' behalf. AR_000583–000584. A copy of this correspondence was sent to Solis. AR_000587–000590.

v. October 30, 2021: United sent Dr. Feizbakhsh correspondence requesting that he submit an Authorized Representative form to submit an appeal on Solis' behalf. AR_000594–000595. A copy of this correspondence was sent to Solis. AR_000598–000601.

**C. Facts Specific to Ortega**

23. On April 20, 2020, Plaintiff Michael Ortega ("Ortega") presented at Medical Providers' office "with complaints of obesity and symptoms of gastro esophageal reflux disease." AR_000678. "At that time, a medical workup was recommended to determine if Mr. Ortega suffered from a clear distinct independent medical condition outside of obesity." *Id.*

24. On April 22, 2020, Ortega underwent an endoscopic procedure to diagnose the cause of his "very severe gastroesophageal reflux disease," which he had been experiencing for "several years." AR_000723. This procedure was performed by Dr. Mario Rosenberg. *Id.* This procedure "confirmed the presence of a hiatal hernia, Antral Gastritis, and Gastroparesis." AR_000678.

25. After the endoscopic procedure, Dr. Rosenberg diagnosed Ortega with a "[h]iatal hernia with changes in the distal esophagus highly suggestive of Barrett's esophagus." *Id.* Dr. Rosenberg also diagnosed Ortega with "[s]uperficial antral gastritis" and noted that a "[l]arge amount of food" retained in parts of Ortega's stomach was "highly suggestive of gastroparesis." *Id.*

Initials of Preparer          :
                           PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

26. On June 8, 2020, Ortega underwent a medical procedure. AR_000650–000651.

27. During that procedure, "an obvious 4-5 cm anterior and posterior hiatal hernia" was repaired by Dr. Rim. AR_000651.

28. During that same procedure, a sleeve gastrectomy was also performed by Dr. Feizbakhsh. AR_000650.

29. Dr. Feizbakhsh closed all wounds. AR_000651.

30. Both Dr. Rim and Dr. Feizbakhsh each billed $45,000.00 for their services related to Ortega's hernia repair. AR_000514 (Provider Remittance Advice provided by United to Dr. Rim concerning Dr. Rim's bill associated with product code 43281); AR_000521 (Provider Remittance Advice provided by United to Dr. Feizbakhsh concerning Dr. Feizbakhsh's bill associated with product code 43281); *see* Ctrs. for Medicare & Medicaid Servs., *Medicare National Correct Coding Initiative Policy Manual*, Chapter VI at VI-10 (CPT code 43281 describes "laparoscopic paraesophageal hernia repair with fundoplasty, if performed," without mesh implantation).[9] Dr. Feizbakhsh's service in this procedure was described as "ASSISTANT SURGERY." AR_000495.

31. Both Dr. Rim and Dr. Feizbakhsh each billed $30,000.00 for their services related to Ortega's sleeve gastrectomy. AR_000470 (Explanation of Benefits Statement provided to Ortega by United); AR_000432 (Provider Remittance Advice provided by United to Dr. Feizbakhsh concerning Dr. Feizbakhsh's bill associated with product code 43775); *see* Ctrs. for Medicare & Medicaid Servs., *Billing and Coding: Bariatric Surgical Management of Morbid Obesity*, https://www.cms.gov/medicare-coverage-database/view/article.aspx?articleId=56422

---

[9] The Court takes judicial notice of this document. *See United States ex rel. Jacobs v. Dermatology*, No. EDCV 20-1373 JGB (SHKx), 2022 U.S. Dist. LEXIS 242551, 2022 WL 19914511, at *31 n.9 (C.D. Cal. Sep. 28, 2022) (taking judicial notice of NCCI manual). This document is publicly available on CMS's website, https://www.cms.gov/files/document/medicare-ncci-policy-manual-2024-chapter-6.pdf (https://perma.cc/7N5Y-VJHF).

| Initials of Preparer | PMC | : |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

(https://perma.cc/4K5P-9STQ) (CPT code 43775 describes a "[l]ap sleeve gastrectomy").[10] Dr. Rim's service in this procedure was described as "ASSISTANT SURGERY." AR_000470.

32. United and Medical Providers engaged in extensive correspondence related to this date of service.

   a. United sent Medical Providers a Provider Remittance Advice indicating that $0.00 was payable for Dr. Feizbakhsh's work on Ortega's sleeve gastrectomy. AR_000432–000433. Two codes were listed by way of rationale: Y4 and PR242. *Id.* According to "NOTES" attached at the bottom of the document, the code Y4 means the following: "ACCORDING TO YOUR PLAN, BENEFITS ARE ONLY AVAILABLE AT THE NETWORK LEVEL WHEN A NETWORK HEALTH CARE PROVIDER IS USED. SINCE THIS SERVICE WAS PERFORMED BY A NON-NETWORK HEALTH CARE PROVIDER, NO BENEFITS ARE PAYABLE." *Id.* That same section explains that the code PR242 means the following: "PATIENT RESPONSIBILITY – SERVICES NOT PROVIDED BY NETWORK/PRIMARY CARE PROVIDERS." *Id.*

   b. August 25, 2020: United sent correspondence to Dr. Rim requesting additional medical records relating to Ortega's treatment. AR_000580.

   c. August 26, 2020: United sent Ortega an explanation of benefits noting that Medical Providers had billed $30,000.00 for Dr. Feizbakhsh's work on Ortega's sleeve gastrectomy, but that nothing was payable under the Plan. AR_000439–000444. Codes Y4 was used to indicate that benefits were denied because Dr. Feizbakhsh was an out-of-network provider. *Id.*

   d. August 31, 2020: United sent Medical Providers a Providers Remittance Advice letter

---

[10] The Court takes judicial notice of this government website, which contains information that is not disputed by either party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010)

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

indicating that it would not pay them for Dr. Feizbakhsh's work on Ortega's sleeve gastrectomy, with explanation code PR204. AR_000454–000455. According to the "NOTES" attached to that document, code PR204 means the following: "PATIENT RESPONSIBILITY – THIS SERVICE/EQUIPMENT/DRUG IS NOT COVERED UNDER THE PATIENT'S CURRENT BENEFIT PLAN."

e.  October 2, 2020: United sent Ortega an Explanation of Benefits noting that Medical Providers had billed $30,000.00 for Dr. Rim's work on Solis's sleeve gastrectomy, but that nothing was payable under the Plan. AR_000469–000474. Codes Y4 was used to indicate that benefits were denied because Dr. Rim was an out-of-network provider.

f.  October 7, 2020: United sent Medical Providers a Providers Remittance Advice letter related to Dr. Rim's work on Ortega's sleeve gastrectomy. AR_000488–000489. This letter applied code PR204 to Dr. Rim's work on Solis' gastric sleeve procedure, indicating that the service was not covered. *Id.*

g.  October 9, 2020: United sent Ortega an Explanation of Benefits related to Dr. Feizbakhsh's work as assistant surgeon on Ortega's hiatal hernia repair. AR_000494–000495. That correspondence indicated that the Plan had paid $806.56 towards that claim. *Id.* That letter used explanation code 29 to indicate the following: "YOUR PLAN COVERS THE ELIGIBLE EXPENSE AMOUNT REIMBURSABLE UNDER YOUR PLAN FOR COVERED OUT-OF-NETWORK HEALTH SERVICES. THE ELIGIBLE AMOUNT IS BASED ON A DATABASE OF COMPETITIVE FEES FOR SIMILAR SERVICES OR SUPPLIES IN YOUR AREA. BENEFITS ARE NOT AVAILABLE FOR THAT PORTION OF THE CHARGE THAT EXCEEDS THE ELIGIBLE AMOUNT DETERMINED FOR THIS SERVICE."[11]

---

[11] United maintains that this payment was made in error. Defs.' Opening Trial Br. 14 n.12, ECF No. 53. "To date, United has not attempted to recoup this erroneous payment." *Id.*

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

    h.   October 12, 2020: United sent Ortega an Explanation of Benefits related to Dr. Feizbakhsh's work on Ortega's hiatal hernia repair. AR_000501. That letter indicated that benefits were denied in full pursuant to code HW, which means the following: "BENEFITS FOR THIS SERVICE ARE DENIED. WE SENT A LETTER TO THE PROVIDER ASKING FOR ADDITIONAL INFORMATION. WE HAVE NOT RECEIVED A RESPONSE." *Id.*

    i.   October 12, 2020: United sent Medical Providers a Providers Remittance Advice letter related to Dr. Rim's work on Ortega's hiatal hernia repair. That letter indicated that the claim was being denied pursuant to code HW. AR_000514.[12]

    j.   October 14, 2020: United sent an additional Providers Remittance Advice letter to Medical Providers. AR_000521. This letter applied code OA23 to the $806.56 payment made for Dr. Feizbakhsh's work as assistant surgeon on Solis's hiatal hernia repair. Code OA23 indicated the following: "OTHER ADJUSTMENTS – THE IMPACT OF PRIOR PAYER(S) ADJUDICATION INCLUDING PAYMENT AND/OR ADJUSTMENTS." *Id.* The letter indicated that code PR204 applied to the remaining balance of $44,193.44 for that claim. *Id.* Code PR204 indicated the following: "PATIENT RESPONSIBILITY – THIS SERVICE/EQUIPMENT/DRUG IS NOT COVERED UNDER THE PATIENT'S CURRENT BENEFIT PLAN." *Id.*

    k.   March 4, 2021: Plaintiff Minimally Invasive Surgical Associates, Inc. ("Minimally") sent United an "APPEAL OF CLAIM DENIAL" on Ortega's behalf. AR_000629. That appeal admitted that Minimally "is not contracted" with United. AR_000629. All the same, Minimally stated that it expected its "billed charged to be paid in full, as an accepted plan benefit." AR_000630. The appeal's rationale appears to be that "[b]efore the services were

---

[12] That letter also denied a $900.00 claim for a procedure coded 99213 due to an unanswered request for information.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

rendered, [Minimally] called the plan/TPA, spoke to rep Keja J. ref #8326 and were informed that the plan reimburses reasonable and customary." *Id.*

l.   March 12, 2021: United sent correspondence to Ortega stating that it had reviewed his appeal submitted by Dr. Feizbakhsh and had concluded that "the request for payment was processed correctly." AR_000877.

m.   March 30, 2021: United sent correspondence to Dr. Rim denying payment for his work on Ortega's hiatal hernia repair for the following reason: "Not supported. The submitted medical records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural Terminology (CPT) code. In addition, this procedure code 43821 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified." AR_000796. That correspondence also referenced denial code AU, i.e., incorrect code submitted. *Id.* It also instructed Dr. Rim to "[s]ee EOB/PRA." *Id.*

n.   April 5, 2021: United sent Medical Providers a Providers Remittance Advice letter regarding Dr. Feizbakhsh's work as assistant surgeon on Ortega's hiatal hernia repair. AR_000547. That letter used codes PL16, AU, and M50 to explain United's denial. Code PL16 means the following: "PAYER INITIATED REDUCTIONS – CLAIM/SERVICE LACKS INFORMATION OR HAS SUBMISSION/BILLING ERROR(S)." *Id.* Code AU means the following: "BENEFITS FOR THIS SERVICE ARE DENIED. THE SUBMITTED CODE IS INCORRECT. FOR THE CLAIM TO BE RECONSIDERED, WE ASK THAT THE PROVIDER SUBMIT A CORRECTED CLAIM WITH THE APPROPRIATE CODE. THE PROVIDER MUST ALSO INDICATE THAT IT IS A REPLACEMENT CLAIM OR CLEARLY MARK IT WITH THE WORD 'CORRECTED.' IF THE PROVIDER BELIEVES THE CODE SUBMITTED IS VALID FOR THE DATE OF SERVICE AND CORRECTLY IDENTIFIES THE SERVICE

Initials of Preparer        :        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

RENDERED, THEY MAY SUBMIT AN APPEAL WITH THE MEDICAL RECORD DOCUMENTATION AND THE RATIONALE FOR THE CODE AS BILLED." *Id.* Code M50 means the following: "MISSING/INCOMPLETE/INVALID REVENUE CODE(S)." *Id.*

o.  April 6, 2021: United sent Ortega an Explanation of Benefits in relation to Dr. Rim's work on his hiatal hernia repair. AR_000548_000549. That letter indicated that coverage was denied pursuant to code AU (i.e., incorrect code submitted). *Id.*

p.  May 12, 2021: Medical Providers sent United an appeal regarding its denial of payment for Dr. Feizbakhsh's work as assistant surgeon on Ortega's hiatal hernia repair. AR_000664. Medical Providers instructed United to consider this correspondence their "Final Level of Appeal." *Id.* That appeal argued that United did not compensate according to the 90th percentile for the geographic area according to the FH Benchmark database, as its policy requires. *Id.*

q.  May 17, 2021: United wrote to Ortega regarding the May 12, 2021, appeal. AR_001399. United stated that "this request for payment was processed correctly." *Id.* By way of rationale, United quoted the Plan language surrounding how it determines payments. *Id.* AR_001399–001401.

r.  August 5, 2021: Medical Providers sent United a "LEVEL I APPEAL OF CLAIM DENIAL." AR_000677–000685. That appeal argued that the hiatal hernia repair was "the chief surgical procedure" performed on June 8, 2020. AR_000678. The appeal claimed that Ortega "had a separate and distinct health condition [i.e., severe reflux] that warranted a surgical procedure to repair the hiatal hernia." *Id.* Moreover, "[a]ccording to UHC's Medical Policy, a hiatal hernia is considered a covered procedure" by the Plan. *Id.* Additionally, the appeal contained the following language: "We spoke to the patient in great detail and told him his insurance would not cover the gastric sleeve portion of her

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

recommended surgical session. The patient was told and accepted that he was personally responsible for paying for the gastric procedure portion. Because the gastric sleeve was an exclusion of his medical benefits, we did not bill, or submit a claim using a CPT code to his insurance carrier."[13] *Id.* The appeal also demanded portions of the medical record which would enable Solis and the Medical Providers to determine "the identify of experts consulted in the course of deciding" Ortega's claim. AR_000679.

s.   August 12, 2021: United sent Medical Providers correspondence requesting that they submit an authorization form from Ortega authorizing them to submit an appeal on his behalf. AR_000571.

t.   August 30, 2021: United sent Ortega correspondence related to his appeal regarding United's denial of benefits for Dr. Feizbakhsh's work as assistant surgeon on Ortega's hiatal hernia repair. AR_001392. United indicated that, pursuant to its review, "it has been determined that the request for payment was processed correctly." *Id.*

u.   September 8, 2021: Medical Providers sent United correspondence related to Ortega's benefits claim for Dr. Rim's work on his hiatal hernia repair. AR_000695. That correspondence indicated that Medical Providers had come to learn that their "L1 Appeal that was mailed out" had not been received by United. *Id.* Accordingly, Medical Providers resubmitted their appeal.

v.   October 4, 2021: United sent correspondence to Ortega indicating that it had reviewed his appeal of its denial of benefits associated with the work Dr. Rim performed in his repair of Ortega's hiatal hernia. AR_001386. This correspondence indicated that, based on United's review, "this request for payment was processed correctly." *Id.* United offered the following rationale: "Current Procedural Terminology (CPT) Code 43821 remains not

---

[13] The administrative record clearly reveals this statement to be false.

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

supported. The submitted medical records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural Terminology (CPT) code. In addition, this procedure code 43281 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified." AR_001386–001387.

### III.   Legal Standard

"The Employee Retirement Income Security Act of 1974 (ERISA) permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). "[F]or the most part, judicial review of benefits determinations is limited to the administrative record . . . ." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 923 (9th Cir. 2012) (internal quotations omitted).

"ERISA benefit determinations are reviewed *de novo*, unless the benefit plan provides otherwise." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 923 (9th Cir. 2012) (citing *Glenn*, 554 U.S. at 111. "Where an ERISA Plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion." *O'Rourke v. N. Cal. Elec. Workers Pension Plan*, 934 F.3d 993, 998 (9th Cir. 2019) (quoting *Lehman v. Nelson*, 862 F.3d 1203, 1216 (9th Cir. 2017)); *see also Stephan*, 697 F.3d at 923 ("Where the plan . . . grant[s] the administrator or fiduciary discretionary authority to determine eligibility for benefits, trust principles make a deferential standard of review appropriate.") (quoting *Glenn*, 554 U.S. at 111).

"Traditional summary judgment principles have limited application in ERISA cases governed by the abuse of discretion standard." *Stephan*, 697 F.3d at 929–30 (citing *Nolan v. Heald College*, 551 F.3d 1148, 1154 (9th Cir. 2009)). "Where, as here, the abuse of discretion standard applies in an ERISA benefits denial case, a motion for summary judgment is, in most respects, merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|----------|----------------------|------|----------------|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

dispute of material fact exists, do not apply." *Id.* (internal quotations omitted).

"When reviewing interpretive challenges for abuse of discretion, the Court closely reads contested terms and 'appl[ies] contract principles derived from state law[,] . . . guided by the policies expressed in ERISA and other federal labor laws.'" *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Eng'rs-Employers Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1140 (9th Cir. 2013) (quoting *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997)). It is an abuse of discretion for the plan administrator to "construe provisions of a plan in a way that clearly conflicts with the plain language of the Plan, renders nugatory other provisions of the Plan, or lacks any rational nexus to the primary purpose of the Plan." *Id.* (internal quotations, alterations, and citations omitted).

## IV. Objections

"Judicial review of an ERISA plan administrator's decision on the merits is limited to the administrative record." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 632 (9th Cir. 2009). "In the ERISA context, the 'administrative record' consists of 'the papers the insurer had when it denied the claim.'" *Id.* at 632 n.4 (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999)).

Before trial, Plaintiffs objected to the inclusion of several documents within the administrative record. After trial, Plaintiff submitted additional documents and declarations to which Defendants object. The Court addresses each in turn.

### A. Plaintiffs' Objections to the Call Recordings

First, Plaintiffs argue that call recordings contained in the administrative record (AR_001415–001429) are improperly included therein because "there is no evidence in the administrative record that Defendants in any way relied upon the calls." Pls.' Opening Trial Br. 16, ECF No. 57-2. Plaintiffs cite no caselaw supporting the proposition that papers United had in its possession at the time it made its decision cannot be included in the administrative record unless United makes some showing that it relied on them.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

If that were true, the scope of administrative records would be substantially constrained in a way that would make judicial review exceedingly difficult.

Plaintiffs cite *Dioquino v. United of Omaha Life Ins. Co.*, No. 20-cv-00167-BAS-RBB, 2021 U.S. Dist. LEXIS 215634, 2021 WL 5178664, at *4 (S.D. Cal. Nov. 5, 2021) for the proposition that the administrative record should be limited to "items gathered before the lawsuit." But the facts of *Dioquino* are readily distinguishable. In that case, a plaintiff sued United for a denial of short-term disability benefits and long-term disability benefits. At the time the lawsuit was filed, that plaintiff had not yet made a claim for long-term disability benefits. After the filing of the suit, United opened a long-term disability benefits claim for the plaintiff; that plaintiff objected to the inclusion of those documents gathered as part of United's evaluation of her long-term disability benefits claim to judicial review of United's denial of her short-term benefits claim—a denial which predated the lawsuit. The *Dioquino* court granted the plaintiff's objection.

To be clear, Plaintiffs have not objected to the *accuracy* of the transcripts; they have only objected to their inclusion in the administrative record. Here, the call recordings were in United's possession prior to the filing of the lawsuit. At best, Plaintiffs can object to the fact that *transcripts* of the recordings were prepared after their suit was filed. *See* AR_001419 (transcript prepared on August 4, 2023). But such an objection lacks any support.

Plaintiffs also object that the included call recordings "are only the ones Defendants have picked out to include in this case. Defendants have not produced the call recordings relating to the numerous instances in which Plaintiffs attempted to determine the status of Plaintiffs' medical bill, then production of medical records and finally appeals." Pls.' Opening Trial Br. 16, ECF No. 57-2. Once again, Plaintiffs cite no caselaw supporting this argument. Nor do they cite to the seemingly relevant Federal Rule of Evidence, Rule 106. That rule provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. Even if they had cited it, Rule 106 would not

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|----------|----------------------|------|----------------|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

support Plaintiffs' position. Plaintiffs' have not alleged that these remaining calls "in fairness ought to be considered at the same time." Calls to determine the status of a bill, the status of document transfers, and the status of appeals seem to have no bearing on the dispute.

Lastly, Plaintiffs' first amended complaint extensively describes the objected-to calls. First Am. Compl. ¶ 33–39, ECF No. 15. Plaintiffs therefore did more than open the door for the inclusion of these calls—they invited them in.

Plaintiffs' objection to the inclusion of these calls in the administrative record is OVERRULED.

### B. Plaintiffs' Objections to the NCCI Manual

Plaintiffs object to the inclusion of the National Correct Coding Initiative Policy Manual ("NCCI Manual") within the administrative record. Pls.' Opening Trial Br. 17–18, ECF No. 57-2.

In response, Defendants point to the following Plan language: "UnitedHealthcare develops its reimbursement policy guidelines, in its sole discretion, in accordance with one or more of the following methodologies: As indicated in the most recent edition of the Current Procedural Terminology (CPT), a publication of the American Medical Association, and/or the Centers for Medicare and Medicaid Services (CMS); As reported by generally recognized professionals or publications; As used for Medicare . . . ." AR_000126. The NCCI Manual is developed by the Centers for Medicare & Medicaid Services (CMS), a federal agency of the United States government. Ctrs. for Medicare & Medicaid Servs., *Medicare National Correct Coding Initiative Policy Manual*, Introduction at Intro-3, https://www.cms.gov/files/document/medicare-ncci-policy-manual-2024-introduction.pdf (https://perma.cc/3AE3-U54X). Its purpose is to "promote national correct coding methodologies and to control improper coding that leads to inappropriate payment . . . ." *Id.* "The coding policies are based on coding conventions defined in the American Medical Association's Current Procedural Terminology (CPT) Professional, national and local Medicare policies and edits, coding guidelines developed by

| | | : | |
|---|---|---|---|
| Initials of Preparer | | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

national societies, standard medical and surgical practice, and/or current coding practice." *Id.*

Defendants invoke the NCCI Manual in their briefs to buttress their medical conclusions. *See, e.g.*, Defs.' Response to Pls.' Opening Trial Br. 23, ECF No. 64-1 ("The rationale used by United is mirrored in CMS' National Correct Coding Initiative Policy . . . ."). Using the NCCI Manual in this way comes close to improperly offering an after-the-fact explanation for why United denied Plaintiffs' claims. However, the administrative record in an ERISA case "consists of 'the papers the insurer had when it denied the claim.'" *Montour*, 588 F.3d at 632 n.4 (quoting *Kearney*, 175 F.3d at 1086). The Plan explicitly notes that United bases its reimbursement policy guidelines on CMS guidance. It is therefore likely that United had the NCCI Manual on hand when it denied Plaintiffs' claims. Plaintiffs' objection is therefore OVERRULED, but the Court is mindful of the argument that the objection is meant to address and will consider it at the appropriate analytical step.

### C. Plaintiffs' Objections to United's Policies

Lastly, Plaintiffs object to the inclusion of "United's Policies," which they do not define or otherwise pinpoint. Pls.' Opening Trial Br. 18–19, ECF No. 57-2. But it is impossible to imagine that United somehow failed to possess its own policies in its record at the time it decided Plaintiffs' claims. To the extent that Plaintiff is arguing United's policies should be excluded because United failed to show that it relied on them, that argument is rejected for the same reason the Court rejected Plaintiffs' objections to the call recordings in Section IV-A *supra*.

### D. Defendants' Objections to Plaintiff's Post-Trial Submissions

In addition to submitting the briefing requested by the Court, Plaintiffs also submitted unsolicited evidence, two expert declarations, and additional medical information *after* the Court's bench trial. ECF No. 84. This information is not properly part of the administrative record because it was not before United at the time that it made its decision. Nor was this information properly presented at trial. Defendants are correct that these submissions should be excluded; the Court STRIKES these submissions.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

V.      **Discussion**

A.  **United's Decisions are Reviewed Under the Abuse of Discretion Standard**

The Plan clearly provides that United's decisions will be reviewed pursuant to the abuse of discretion standard. United is delegated "the full power and sole discretionary authority to interpret and apply the terms of the Plan as they relate to the applicable benefits." AR_000296. United also "has final responsibility for determining the amount of any benefits payable and providing the claims procedures to be followed and the claims forms to be used." *Id.* Typically, this means that the Court should adopt that standard for its review. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) ("[F]or a plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the plan must unambiguously provide discretion to the administrator.").

B.  **United's Procedural Irregularities Temper the Court's Application of the Abuse of Discretion Standard**

"When an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well, we review de novo the administrator's decision to deny benefits." *Id.* at 971. But "a procedural irregularity in processing an ERISA claim does not usually justify de novo review." *Id.* at 972 (citing *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005)). "A procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id.* (citing *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1006 (10th Cir. 2004)). "When an administrator can show that it has engaged in an 'ongoing, good faith exchange of information between the administrator and the claimant,' the court should give the administrator's decision broad deference notwithstanding a minor irregularity." *Id.* (quoting *Jebian v. Hewlett-Packard Co. Emple. Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1107 (9th Cir. 2003)).

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

The Ninth Circuit has "interpreted the ERISA regulations as calling for a 'meaningful dialogue' between claims administrator and beneficiary." *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008) (quoting *Booton v. Lockheed Medical Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997)). More specifically, "[i]f benefits are denied, in whole or in part, the reason for the denial must be stated in reasonably clear language, with specific reference to the plan provisions that form the basis for the denial; if the plan administrators believe that more information is needed to make a reasoned decision, they must ask for it." *Booton*, 110 F.3d at 1463. "There is nothing extraordinary about this; it's how civilized people communicate with each other regarding important matters." *Id.*

Here, United's explanations fall short. To both Plaintiffs, United provided the following explanation of why it declined to cover the hiatal hernia repair:

Current Procedural Terminology (CPT) Code 43821 remains not supported. The submitted medical records indicate that a gastric sleeve procedure was performed which may be better represented with a more appropriate Current Procedural Terminology (CPT) code. In addition, this procedure code 43281 may be considered included in the appropriately billed code and cannot be separately reimbursed. Therefore, the validity and accuracy of the claim cannot be verified.

AR_001380; AR_001386–001387. This language is clearly derived from language in the NCCI Manual, which reads as follows:

If a hernia repair is performed at the site of an incision for an open or laparoscopic abdominal procedure, the hernia repair (e.g., CPT codes 49560-49566, 49652-49657) is not separately reportable. The hernia repair is separately reportable if it is performed at a site other than the incision and is medically reasonable and necessary. An incidental hernia repair is not medically reasonable and necessary and shall not be reported separately.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

AR_001166. United argues that "[t]he Plan, which incorporates United's policies, including CMS' National Correct Coding Initiative Policy Manual for Medical Services, advise[s] against separately reporting a hernia repair at the site of an incision for a laparoscopic abdominal procedure." Defs.' Post Trial Br. 11, ECF No. 80-1. United is correct that, under the terms of the Plan, it could consider its own policies and the NCCI Manual in making its coverage determinations. *See* AR_000126 ("UnitedHealthcare develops its reimbursement policy guidelines, in its sole discretion, in accordance with one or more of the following methodologies: As indicated in the most recent edition of the Current Procedural Terminology (CPT), a publication of the American Medical Association, and/or the Centers for Medicare and Medicaid Services (CMS); As reported by generally recognized professionals or publications; As used for Medicare . . . ."). But United's explanation contains no 'specific reference to the plan provisions that form the basis for the denial.' Even after voluminous briefing, United has failed to identify a particular provision of its reimbursement policy which incorporates this particular guideline from the NCCI Manual. This failure to cite is not an abstract concern; if a patient or provider did not know from where United was deriving this rule, they may not be aware of the conditional portion of the provision which leaves the door open: "The hernia repair is separately reportable if it is performed at a site other than the incision and is medically reasonable and necessary." The point of providing an explanation for a denial of benefits is to give the insured the opportunity to perfect their claim. *See Booton*, 110 F.3d at 1463. Reciting a bright line rule without explanation or attribution is not the sort of reasoned explanation that ERISA requires.

Having determined that United's explanations do not satisfy *Booton*, the question then becomes, in essence, so what? United's breach of proper procedure here does not approach the level of 'wholesale and flagrant violations of the procedural requirements of ERISA' which would justify the Court in shifting from an abuse of discretion standard of review to a *de novo* review. Instead, the Court must "temper" its application of the abuse of discretion standard in a way that is commensurate with the facts of this case. *See Hoffman v. Screen Actors Guild Producers Pension Plan*, 757 F. App'x 602, 604 (9th Cir. 2019) (citing *Abatie*, 458 F.3d at 968). And the record makes clear that, in this case, Medical Providers understood exactly what United's denials meant. "The bases for the denials *were specifically addressed*

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

in Plaintiffs/Medical Providers' appeals and correspondence to United . . . ." Defs.' Post Trial Br. 10, ECF No. 80-1. To put a finer point on it, Plaintiffs' appeals contained the following language: "My understanding of your denial of Ms. Solis' claim is that it is based on the hiatal hernia procedure not being medically necessary, distinct, and incidental to another service performed that had an exclusion." AR_001451; *see also* AR_000679 (same for Ortega). That argument is directly tailored towards the language of the NCCI Manual. It therefore cannot be said that United's failure to properly explain its decisions resulted in a failure to put Plaintiffs on proper notice of the underlying rationale for those decisions.

Because United's procedural violations were not sufficiently flagrant to frustrate ERISA's underlying purposes, a tempered abuse of discretion standard of review is appropriate. Now armed that standard of review, the Court analyzes United's decisions.

### C. United Did Not Abuse Its Discretion in Denying Coverage for Plaintiffs' Weight Loss Procedures

The Plan contains clear exclusions for weight-loss surgery unless certain conditions are complied with. Weight loss treatment is excluded from coverage under the Plan "except as part of the Obesity Surgery benefit." AR_000105. The Obesity Surgery benefit states that "[s]urgical treatment of obesity is only available to covered Employees and Dependents who: Are age 18 or older; Completed and documented a 6-month supervised weight loss program prior to surgery; Have a BMI (body mass index) of 40 or greater; or have a minimum BMI of 35 with complicating co-morbidities (such as sleep apnea or diabetes) directly related to, or exacerbated by obesity; Go through a United Bariatric Resource Network Center of Excellence facility; and Complete the pre-notification process prior to surgery through a United Resource Network Center of Excellence." AR_000084–000085.

There is no evidence that *any* of these conditions were complied with. Under any standard of review, United's denial of Plaintiffs' claims for the gastric sleeve surgery was proper.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | | Date | March 14, 2024 |
|---|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | | |

### D. United Did Not Abuse Its Discretion in Denying Coverage for Plaintiffs' Hiatal Hernia Repairs

"An ERISA administrator abuses its discretion only if it (1) renders a decision without explanation, (2) construes provisions of the plan in a way that conflicts with the plain language of the plan, or (3) relies on clearly erroneous findings of fact." *Wells v. Reliance Standard Life Ins. Co.*, 285 F. App'x 343, 344 (9th Cir. 2008) (quoting *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005)).

Scenario one (decision rendered without explanation) is not applicable here. United provided an explanation for its decision, even though it failed to properly attribute the source of that explanation. *See* Section IV-B. Scenario two (provisions construed in a way that contradicts plain language) is not applicable here; United has done nothing to contradict the plain language of the plan.

Therefore, the only remaining scenario in which Plaintiffs could assert that United abused its discretion is scenario three (relying on clearly erroneous findings of fact). "A plan administrator's findings of fact are not clearly erroneous 'where there is substantial evidence to support the decision, that is, where there is 'relevant evidence [that] reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence.'" *Wells*, 285 F. App'x 343, 344–45 (quoting *Snow v. Standard Ins. Co.*, 87 F.3d 327, 332 (9th Cir. 1996)); *see also Young v. Long-Term Disability Plan for Employees of Postal Credit Union of Northern Cal.*, No. C 08-4665 VRW, 2010 U.S. Dist. LEXIS 162716, 2010 WL 11639811, at *20-21 (N.D. Cal. Mar. 8, 2010) ("To determine whether a plan administrator's decision was arbitrary and capricious, we ask whether the decision to deny . . . benefits was supported by substantial evidence, meaning more than a scintilla but less than a preponderance.") (quoting *Midgett v Washington Group Int'l Long Term Disability Plan*, 561 F. 3d 887, 896–97 (8th Cir. 2009)).

The facts in this case are nearly identical to those in *Arnold v. United Healthcare Ins. Co.*, No. 23-

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

cv-3974 PA (AGRX), 2024 U.S. Dist. LEXIS 24276, 2024 WL 549032 (C.D. Cal. Feb. 12, 2024). In *Arnold*, a plaintiff sought benefits under an employer-sponsored health plan for a hiatal hernia repair and gastric sleeve repair performed by Dr. Rim and Dr. Feizbakhsh, respectively; the facts of *Arnold* could not be more on point to the case here. The *Arnold* court concluded that "United's determination that Plaintiff's hernia repair was related to the non-covered gastric sleeve procedure and therefore excluded, was justified by the evidence – and the reasonable inferences drawn from that evidence." 2024 U.S. Dist. LEXIS 24276, 2024 WL 549032, at *12–13. "Based on this evidence regarding Plaintiff's and her surgeons' awareness of the policy exclusions, [and] the timing and circumstances of the two procedures and the manner in which they were billed, United's decision to deny the claims for the hiatal hernia surgery was appropriate, reasonable and correct." *Id.* at *13. The *Arnold* court considered four main facts and resulting inferences derived from its administrative record: (1) "Plaintiff was being treated by Medical Providers for obesity, and her hiatal hernia was diagnosed after the referral for a pre-operative consultation and endoscopy to determine whether there were any potential complication risks for her upcoming non-covered bariatric surgery," (2) "Despite the fact that Plaintiff and her surgeons knew that the Plan excluded obesity treatment from out of network providers, she went forward with the procedure in a 'two in one' surgical session," (3) "[B]oth surgeons used the same incision point for the two procedures, suggesting that the surgeries were related and that the hernia surgery was 'incidental' to the gastric sleeve procedure, based on the relevant reimbursement policies and industry standards," and (4) "[B]oth surgeons billed the same surgical fee amount for the hernia repair despite the fact that one was allegedly the primary surgeon and one was the assistant, and standard reimbursement for an assistant surgeon is 16% of the allowable amount for a covered procedure, suggesting that the two surgeons 'double billed' for the hernia repair in an attempt to circumvent the policy exclusion." 2024 U.S. Dist. LEXIS 24276, 2024 WL 549032, at *12–13.

This Court assigns particular significance to facts 1 and 2 of the *Arnold* court's analysis—both of which are consistent in this case. Both Solis and Ortega were being treated by Medical Providers for obesity *before* any plans were made to treat severe reflux through a hiatal hernia repair. Moreover, both Solis and Ortega chose to have a non-covered procedure performed at the same time as a covered

| Initials of Preparer | PMC | : |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|----------|----------------------|------|----------------|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

procedure, by the same doctors, in the same surgical session.[14]

The Court assigns lesser weight to facts 3 and 4 of the *Arnold* court's analysis. Regarding fact 3—the parties dispute the number of incisions made during Solis and Ortega's procedures, and the Court cannot determine from the administrative record how many incisions were actually made. Note 13 *supra* also addresses the Court's concerns with having analysis turn on the number of incisions made. Turning lastly to fact 4—the Court agrees with the *Arnold* court's analysis but assigns only slight weight to the discrepancy between what the primary and assistant surgeons billed. This Court treats fact 4 in this way because it was presented with very little evidence or briefing on the significance of this issue.

The Court also notes that the *Arnold* court found United's decision to deny coverage of that plaintiff's hiatal hernia repair to be rational under a less deferential standard of review (*de novo*). The *Arnold* court applied the *de novo* standard because the question of which standard of review to apply was disputed; rather than resolve that issue, that court applied the "more rigorous" standard. 2024 U.S. Dist. LEXIS 24276, 2024 WL 549032, at *11. The standard of review applicable in this case was not raised by the parties; rather, it was raised by the Court *sua sponte* during the bench trial. This Court has resolved that question left unanswered in *Arnold*; it has chosen to apply a tempered abuse of discretion standard based on its review of slight procedural irregularities in the administrative record. *See* Section V-B.

**E.  Plaintiffs Are Not Entitled to Statutory Penalties or Attorney's Fees**

Because the Court enters judgment in favor of Defendants, Plaintiffs' belated requests for statutory penalties and attorney's fees, included for the first time in Plaintiff's post-trial brief, *see* ECF No. 84-1, are DENIED.

---

[14] Admittedly, one might wonder why a patient would opt to undergo surgery twice—suffering two incisions—when both procedures could be done simultaneously. Nothing in this opinion should be read as encouraging redundant surgery for the ease of an insurance company's claims processing department. Rather, the point is that Medical Provider's actions *invited* United's suspicion and scrutiny. And under the abuse of discretion standard, reasonable decisions can be drawn from contradictory evidence.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-04024-SVW-PD | Date | March 14, 2024 |
|---|---|---|---|
| Title | *Jannet Solis et al. v. T-Mobile USA, Inc. et al.* | | |

### VI.    Conclusion

For the reasons discussed above, United's decisions to deny coverage for Plaintiffs' weight loss procedures and hiatal hernia repair procedures were not abuses of discretion, even under a standard "tempered" in application by United's insufficient explanations for its denials. The Court will enter Judgment in favor of Defendants T-Mobile USA, Inc. and UnitedHealthcare Services, Inc.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | PMC |